**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

CHINEDU G. E.,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY (DHS); IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); DIRECTOR OF ST. PAUL FIELD OFFICE ICE; ADMINISTRATOR OF SHERBURNE COUNTY JAIL; and ACTING DIRECTOR ST. PAUL FIELD OFFICE, ICE,

Respondents.

Case No. 26-cv-3676 (LMP/ECW)

**ORDER OVERRULING REPORT AND RECOMMENDATION**

---

Chinedu G. E., pro se.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

Petitioner Chinedu G. E.[2] filed a petition for writ of habeas corpus alleging that Respondents unlawfully detained him. *See generally* ECF No. 1. On October 9, 2026, United States Magistrate Judge Elizabeth Cowan Wright issued a Report and Recommendation ("R&R") recommending that the Court grant Chinedu's petition and

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials and entities named as Respondents. Respondent Administrator of Sherburne County Jail has not participated in these proceedings.

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initials of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

order his release. ECF No. 12 at 7. The Government timely filed objections, and Chinedu responded. ECF Nos. 13, 16. Having considered the Government's objections and Chinedu's response, the Court overrules the R&R and denies the petition.

**BACKGROUND**

Chinedu is a native and citizen of Nigeria who entered the United States on a student visa in August 2017. ECF No. 8-1 at 2. On September 8, 2021, Chinedu was convicted of fifth-degree nonconsensual sexual conduct in Ramsey County, Minnesota. *Id.* In 2022, an immigration judge released Chinedu on bond. ECF No. 1 at 6. On June 5, 2026, the Police Department in Ramsey, Minnesota, arrested Chinedu for violating an order for protection. ECF No. 8-1 at 2.

On June 9, 2026, Immigration and Customs Enforcement ("ICE") officers learned that Chinedu was at the Anoka County Jail, conducted a records check, and determined that Chinedu was a lawful permanent resident "with an ongoing case." *Id.* As a result, ICE issued a Form I-247A immigration detainer and a Form I-200 warrant for Chinedu's arrest signed by Supervisory Deportation and Detention Officer ("SDDO") Josh Holien. ECF No. 8-1 at 2; ECF No. 8-2. On June 9, 2026, ICE officers served Chinedu with the I-200 warrant and arrested him. ECF No. 8-1 at 2. He was transported to the St. Paul Field Office in Fort Snelling, Minnesota, ECF No. 8-1 at 2, where ICE served him with a Form I-286, ECF No. 14-1. The Government presented a Form I-213 "Record of Deportable/Inadmissible Alien" as an exhibit. ECF No. 8-1. The Form I-213 provides the narrative for Chinedu's arrest and his immigration and criminal history. *See id.* It states that the Government served Chinedu with the "Form I-286 along with" the "Form I-200

Warrant." And that Chinedu's "bond will be revoked." ECF No. 8-1 at 3. The Government argues that it properly revoked Chinedu's bond by serving the Form I-286. ECF No. 13 at 1. The Form I-286 is titled "Notice of Custody Determination." ECF No. 14-1. It contains a digital signature indicating that Officer Holien made a determination that "pending a final administrative determination" Chinedu will be "[d]etained by the Department of Homeland Security." *Id.* That same day and on that same form, Chinedu checked the box indicating that he was requesting an immigration judge review the custody determination, and he signed the document. *Id.*

Chinedu has been in ICE custody since his arrest. *See* ECF No. 1. On June 30, 2026, Chinedu received a bond hearing, during which an immigration judge denied bond on the basis that Chinedu did not meet "his burden to establish that he does not pose a danger to persons or property." ECF No. 9-2 at 1.

Representing himself, Chinedu filed this petition on August 19, 2026, arguing that his due process rights were violated because ICE failed to properly revoke his bond and his arrest was carried out unlawfully. *See* ECF No. 1 at 6. The Government timely responded to Chinedu's petition, ECF No. 7, and Chinedu timely replied, ECF No. 11. On August 31, 2026, while Chinedu's habeas petition was pending, an immigration judge issued an order finding Chinedu removable. ECF No. 9-1. On September 28, 2026,

Chinedu appealed his removal order, and the appeal remains pending before the Bureau of Immigration Appeals.[3]

On October 9, 2026, Judge Wright issued the R&R, concluding that the Government failed to revoke Chinedu's release on bond prior to arresting him, as required by 8 C.F.R § 236.1(c)(9). ECF No. 12 at 5, 7. Specifically, Judge Wright concluded that on the record before her, "no such revocation of Petitioner's 2022 release on bond ever took place." *Id.* at 5. Without that, Chinedu's release order on bond remains operative. *Id.* at 6. The Government timely filed objections to the R&R. ECF No. 13. In its objections to the R&R, the Government produced the Form I-286 Notice of Custody Determination issued the same day as Chinedu's arrest, ECF No. 14-1, which it contends revoked Chinedu's bond, ECF No. 13 at 1.[4] Because the Government did not produce the Form I-286 until after the R&R issued, Judge Wright did not have the complete record before her when she rendered her decision. Chinedu timely responded to the Government's objections. ECF No. 16.

## ANALYSIS

If a party timely objects to a magistrate judge's recommended ruling on a dispositive issue, the Court must "make a de novo determination of those portions of the report or

[3] The Court takes judicial notice of Chinedu's appeal from the EOIR (Executive Office for Immigration Review) Automated Case Information System. *See*, *e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[4] The Court considers the Form I-286 in reaching its decision because the Court may "receive further evidence" when reviewing an R&R. D. Minn. L.R. 72.2(b)(3). But it would have been more efficient and fair had the Government provided the Form I-286 in the first instance for Judge Wright's consideration.

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The portions of the R&R to which there are no objections are reviewed for clear error. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

The Government does not object to the R&R's legal analysis or factual background. Instead, the Government acknowledges that it "failed to submit the I-286" to Judge Wright and contends that the Form I-286 establishes that it "properly revoked" Chinedu's bond on the day of his arrest. ECF No. 13 at 1.

Chinedu was previously released on bond and is detained under 8 U.S.C. § 1226(a). ECF No. 7 at 2; ECF No. 1 at 6.[5] Under Section 1226, the Government may arrest and detain a noncitizen "[o]n a warrant issued by the Attorney General . . . pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). The government may also release the noncitizen on either bond of at least $1,500 or conditional parole. *Id.* § 1226(a)(2). Further, the Attorney General at any time may revoke a bond or parole, rearrest the noncitizen under the original warrant, and detain the

[5] Chinedu remains subject to the bond provisions of Section 1226 until the August 31, 2026 order of removal becomes final. *See* 8 U.S.C. § 1231 (indicating that the "removal period" requiring mandatory detention begins on the "date the order of removal becomes administratively final"); 8 C.F.R. § 1241.1(a) ("An order of removal made by an immigration judge" becomes administratively final upon "dismissal of an appeal by the Board of Immigration Appeals."). The Government does not contest that Chinedu is detained under Section 1226. *See* ECF No. 7 at 2; ECF No. 13 at 3.

noncitizen. *Id.* § 1226(b). The Government has "immense discretion" to revoke a noncitizen's bond. *Yandri Joselito F. E. v. Blanche*, No. 26-cv-3835 (LMP/DTS), 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026) (quoting *Sandhu v. Mullin*, No. 7:26-cv-5009, 2026 WL 1146643, at *4 (D. Neb. Apr. 28, 2026)).

Taking the Form I-286 and the Form I-213 together, it appears that Officer Holien exercised "discretion" in revoking Chinedu's bond. 8 C.F.R § 236.1(c)(9); *see* ECF No. 14-1. The Form I-286 states that Officer Holien "determined that, pending a final administrative determination," Chinedu will be "[d]etained by the Department of Homeland Security." ECF No. 14-1. Although there is no mention of Chinedu's bond being revoked, or a change of circumstance on the Form I-286, the Form I-213 discusses the change in circumstance: "violation of Minnesota Statute 518B.01, Sub. 149(a)." ECF No. 8-1 at 2. Indeed, ICE arrested Chinedu at the Anoka County Jail after he had been arrested by local authorities for violating a no-contact order. *Id.* Furthermore, the "[d]isposition" on Form I-213 states that Chinedu's "current bond will be revoked," *id.*, and that Chinedu was "served" the Form I-286, *id.* at 3. The Government, therefore, "show[ed] changed circumstances" that made "the noncitizen a flight risk or danger." *Israel G. M. v. Venturella*, No. 26-cv-3643 (KMM/LIB), 2026 WL 3000948, at *4 (D. Minn. Oct. 6, 2026). And Chinedu checked the box to have the bond decision reconsidered by an Immigration Judge. ECF No. 14-1. As discussed above, the Form I-286 was not provided to Judge Wright.

Chinedu argues that the "Form I-286 is not the proper form to use" to revoke his bond because the "purpose of this form is to request a custody redetermination before an

Immigration Judge." ECF No. 16 at 2. He contends that a "Notice of Revocation of Bond or Release" is the appropriate form to revoke his bond. *Id.* In other cases in this District, the Government has presented a Form I-220A "Order of Release on Recognizance" as evidence that a petitioner's bond was properly revoked. *See, e.g.*, *Bryan A. Q. C. v. Lyons*, No. 26-cv-3165 (JRT/EMB), 2026 WL 1998719, at *2 (D. Minn. July 10, 2026). Even so, neither party has cited nor has the Court identified any statute or regulation prescribing that a certain form be used by federal immigration officials to revoke bond. The Court has also been unable to locate an immigration form titled "Notice of Revocation of Bond or Release" as Chinedu suggests is required. *See* ECF No. 16 at 2.

The Form I-286, however, does not appear to have been signed by a person authorized to revoke Chinedu's bond. Officer Holien signed the Form I-286. ECF No. 14-1. Officer Holien described his title as an "SDDO," which the Court knows to be a "Supervisory Detention and Deportation Officer." *See Yandri Joselito F. E.*, 2026 WL 2676764, at *3. Under ICE regulations:

> When an [noncitizen] who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the *district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge* (except foreign), in which event the [noncitizen] may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R § 236.1(c)(9) (emphasis added). In other words, only specific ICE officers can revoke bond. The R&R explained as much and further noted that Officer Holien (who had signed the I-200 warrant and Form I-286) was not one of those qualified officers because

he is an SDDO. ECF No. 12 at 5, n.1. The Government provides no objection or response explaining why the Form I-286, signed by Officer Holien, cures those issues.[6]

As the Court has held, "federal regulations like 8 C.F.R. § 236.1(c)(9) are the law." *Yandri Joselito F. E.*, 2026 WL 2676764, at *3 (citing *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015)). But here, the only violation of 8 C.F.R. § 236.1(c)(9) was that the Form I-286 may have been signed by the incorrect ICE officer. Judge Wright properly identified this as the Government's violation. So, the question is, what is Chinedu's remedy for this violation?

Judge Wright grappled with the question of remedy, finding this to be "a peculiar case in that it is not entirely clear that anything different would have occurred had the appropriate official affirmatively revoked [Chinedu's] bond." ECF No. 12 at 5. But ultimately, Judge Wright concluded that even though "the government did *most* of what was required" this still was "not good enough." ECF No. 12 at 6. Here is where the Court slightly departs from Judge Wright's analysis and that is because additional information—the Form I-286—was made available to the Court to contextualize the relative weight of the Government's failure to have the revocation documents signed by the appropriately

---

6 The Government has argued in other cases that Officer Holien was an "officer in charge," but provided no evidence to support that assertion. *See, e.g.*, *Kevin J. R. M. v. Blanche*, No. 26-cv-3122 (KMM/JFD), 2026 WL 2230647, at *5 (D. Minn. July 17, 2026). That argument was rejected. *Id.* This Court has done the same. *See Yandri Joselito F. E.*, 2026 WL 2676764, at *3 n.4.

titled official.[7] Indeed, "where minimal elements of due process have otherwise been met, an agency's failure to adhere to its own regulations does not, of itself, violate due process." *Sterling v. Bondi*, No. 3:25-cv-2122 (KAD), 2026 WL 1746537, at *9 n.12 (D. Conn. June 17, 2026) (citing *McDarby v. Dinkins*, 907 F.2d 1334, 1337–38 (2d Cir. 1990) (declining to find a due process violation for ICE's potential failure to adhere to 8 C.F.R. § 103.6(e) requiring specific ICE officers to approve re-detention). The service of the Form I-286 otherwise put Chinedu on notice that ICE was revoking his bond. At Chinedu's request, he was then given a bond hearing three weeks after arrest. ECF No. 9-2. At that hearing, an immigration judge denied his bond. *Id.* Had the Form I-286 been signed by an ICE officer who definitively can revoke bond under Section 236.1(c)(9), Chinedu would have been in the same position he is in now: He would have received a bond hearing. He did. And bond was denied. ECF No. 9-2. Granting another bond hearing is unlikely to disturb that result.

For the reasons discussed above, under de novo review, the Government's objections to the R&R are sustained, and the R&R is overruled.

## ORDER

For these reasons, and based on the files, records, and proceedings in this matter, **IT IS ORDERED** that:

1. The Government's Objections to the Report and Recommendation (ECF No. 13) are **SUSTAINED**;

---

[7] And, of course, this document made clear that ICE had revoked bond—a clear gap in the record before Judge Wright. So there is no misunderstanding, had the Government not supplemented the record with the Form I-286 in its objections, this Court would have affirmed Judge Wright's R&R.

2. The Report and Recommendation (ECF No. 12) is **OVERRULED**; and

3. Petitioner Chinedu G. E.'s habeas petition (ECF No. 1) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 18, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge